Argued April 17, affirmed April 24, 1957

SWIATOWSKI *v.* JOLENETTE

309 P. 2d 1004

*Dale Jacobs* argued the cause for appellant. On the brief were Uney and Jacobs, Oregon City.

*Wayne A. Williamson,* Portland, argued the cause for respondent. With him on the brief were George Hibbard and Mautz, Souther, Spaulding, Denecke & Kinsey, Portland.

Before Perry, Chief Justice, and Lusk, Warner and Kester, Justices.

PER CURIAM.

In this action to recover damages for personal injuries there was a verdict for the defendant, and the plaintiff has appealed.

Plaintiff, who was walking on the sidewalk immediately prior to the accident, was struck by an automobile driven by the defendant as the car was leaving a service station property located at the corner of two streets in Oregon City. The automobile was proceeding very slowly and different inferences may be drawn from the evidence as to whether the accident occurred while the automobile was still on the service station area or after it had commenced to pass over the sidewalk.

There are four assignments of error.

■ The first is directed to the court's refusal to instruct the jury that the defendant was negligent as a matter of law in failing to keep a lookout. The defendant's testimony indicated that he was keeping a lookout. The question whether he kept a reasonable lookout under the circumstances was for the jury, and the requested instruction was properly denied. *Casto v. Hansen,* 123 Or 20, 24, 261 P 428.

The second assignment of error is based on the court's refusal to instruct the jury that the defendant was negligent as a matter of law in failing to stop his vehicle immediately prior to driving onto the sidewalk. Under the evidence the jury could have found that the defendant did stop the automobile before it reached the sidewalk. The defendant urges that ORS 483.222, which provides that the driver of a vehicle within a business

or a residence district emerging from an alley, driveway or building shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway, is not applicable to this case. The circuit court, however, submitted the question of whether the statute was violated by the defendant to the jury. We express no opinion upon the proper construction of the statute, but hold that at best the question was one of fact for the jury, and, therefore, the plaintiff was not entitled to the peremptory instruction requested.

■ The other two assignments of error are based upon instructions given by the court relating to the duty of the plaintiff to keep a lookout. The exceptions taken by the plaintiff to these instructions do not raise the questions which have been argued in this court. Apart from that, we are of the opinion that the instructions, which, in substance, state the duty of the plaintiff to exercise the care of a reasonably prudent person in the matter of keeping a lookout and of avoiding an observed and known peril, are applicable to the evidence and free from error.

The judgment is affirmed.